UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 11-15-GFVT |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| V. | ) | **MEMORANDUM OPINION** |
|  | ) | **&** |
| RICHARD BROSKY, | ) | **ORDER** |
|  | ) |  |
| Defendant. | ) |  |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Brosky's Motion to Dismiss the charges against him [R. 214], the United States' Response [R. 229] and Brosky's Reply. [R. 245]. Brosky argues that particular evidence, a methamphetamine lab, was destroyed by the United States and that this lab qualifies as material exculpatory evidence as it relates to him. [R. 214; R. 245]. As a result of the destruction of the exculpatory evidence, Brosky argues, the indictment against him must be dismissed. [*Id*.]. Based on the following analysis, the Court disagrees and concludes that Brosky's motion is properly denied.

**I.**

On November 2, 2010 a methamphetamine lab was discovered by government agents in an open field area near Brosky's home. [R. 214]. According to Brosky, one of the agents searching the area was aware that another individual who had previously lived with Brosky had been arrested for manufacturing methamphetamine over a year earlier. [*Id*.]. Brosky relies on this fact to label the lab as meeting the standard for "clearly material exculpatory evidence." [*Id*.

1

at 2]. The lab was subsequently destroyed by the government [*Id.*], giving rise to Brosky's current motion.

## II.

Case law is clear that the government's "destruction of material exculpatory evidence violates due process regardless of whether the government acted in bad faith." *United States v. Wright*, 260 F.3d 568, 571 (6th Cir. 2001) (citing *California v. Trombetta*, 467 U.S. 479, 488 (1984)). Because the government's state of mind while destroying evidence is immaterial, *id.*, and the United States does not contest that the lab was destroyed [*see* R. 229], the central and core issue now before the Court is whether the methamphetamine lab itself qualifies as "material exculpatory evidence."

Exculpatory evidence is evidence which is favorable to an accused with respect to either the question of guilt or the question of the appropriate level of punishment. *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Sykes v. Anderson*, 625 F.3d 294, 320 (6th Cir. 2010). To meet the necessary standard for materiality, the evidence in question must also possess enough exculpatory value that its value was "apparent before the evidence was destroyed, and be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *Wright*, 260 F.3d at 571 (citation omitted). Thus, Brosky must prove three things with respect to the methamphetamine lab in order for it to meet the standard of "material exculpatory evidence": 1) the lab was exculpatory, meaning that its existence was favorable to Brosky; 2) the lab's exculpatory value was apparent to the government before it was destroyed; and 3) something about the lab was exculpatory and this "something" could not be obtained by Brosky by using other reasonably available means.

Unfortunately for Brosky, his motion fails at step one. He has failed to show why the lab

2

itself is exculpatory- why its existence is favorable to Brosky. In both his Motion and his Reply, Brosky focuses on the fact that one of the government agents searching near his property had prior knowledge of a former resident's drug manufacturing arrest. [R. 214; R. 245]. Brosky points to this fact alone and concludes that the lab is "clearly material exculpatory evidence." [R. 214]. Brosky is mistaken, however, because there is nothing about the existence of a methamphetamine lab near his own home that could possibly be favorable to Brosky. The lab was present near his home. This is true regardless of the government agent's knowledge of other possible reasons *why* it may have been present. This information about *why* it may have been present is the type of evidence which may be helpful to Brosky, not the lab's existence and close proximity to his home.

In other words, Brosky seeks to suppress the discovery of the lab because there is an inference that could be drawn from facts surrounding the lab that supports his position. However, it is also possible that a fact finder could look at the lab and the facts surrounding it and determine that it inculpates Brosky. The information supporting the inference favorable to Brosky is what is exculpatory here, not the physical evidence itself. He is not arguing that the exculpatory information potentially attributing the lab to a third party was destroyed. Brosky seeks to have the existence of the lab suppressed based on exculpatory information explaining the lab's existence. It will be counsel's job to make this argument explaining the lab's presence to the jury during trial, not to the Court now in an attempt to have the Court essentially consider the weight of the evidence. As a result, the lab does not qualify as "exculpatory" and Brosky's motion must fail.

Brosky also argues that because the lab was destroyed, he was precluded from inspecting the lab for fingerprints or other information which would exonerate him. This lost chance at

inspection does not necessarily mean that the inspection would have produced exculpatory evidence. It is also possible that the inspection would have led to inculpatory evidence. The results of the inspection are hypothetical and uncertain. At best, then, the lost chance at inspection is a lost chance of obtaining "potentially useful evidence." "For the failure to preserve potentially useful evidence to constitute a denial of due process, a criminal defendant must show bad faith on the part of the government." *United States v. Wright*, 260 F.3d 568, 571 (6th Cir. 2001) (citation omitted). Because Brosky failed to argue that the government acted in bad faith when it destroyed the lab and necessarily thereafter his chance to inspect it, the destruction cannot form the basis of a successful denial of due process claim. *See id*.

### III.

Having fully considered the motion, the Court hereby **ORDERS:**

Brosky's Motion to Dismiss for the Destruction of Exculpatory Evidence [R. 214] is **DENIED**.

This the 20th day of October, 2011.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge